**AKERMAN LLP**
Mark Riera (SBN 118238)
Email: mark.riera@akerman.com
Haley C. Greenberg (SBN 307475)
Email: haley.greenberg@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Lawrence D. Silverman (*Admitted Pro Hac Vice*)
Email: lawrence.silverman@akerman.com
Alexandra M. Mora (*Admitted Pro Hac Vice*)
Email: alexandra.mora@akerman.com
Three Brickell City Centre,
98 S.E. 7th Street, Suite 1100
Miami, Florida 33131
Telephone No.: (305) 374-5600
Facsimile No.: (305) 374-5095

Attorneys for Defendants and Counterclaimants
PRESCRIBER'S CHOICE, INC. AND
SINCERUS FLORIDA, LLC

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

ALLERGAN USA, INC.,

Plaintiff,

v.

PRESCRIBER'S CHOICE, INC. and SINCERUS FLORIDA, LLC,

Defendants.

AND RELATED COUNTERCLAIM.

Case No. 8:17-cv-01550-DOC-JDE

**NOTICE AND MOTION TO EXCLUDE REPORTS AND TESTIMONY OF MARK S. ROBBINS AND JOHN TAYLOR AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Filed Concurrently Herewith: (1) Declaration of Alexandra M. Mora; and (2) [Proposed] Order

Pre-Trial Conf.: January 28, 2019
Time: 8:30 a.m.
Place: Courtroom 9D
Judge: Hon. David O. Carter
Trial Date: February 12, 2019

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pretrial Conference on January 28, 2019 at 8:30 a.m., or as soon thereafter as may be heard, in Courtroom 9D of the United States District Court, Central District of California-Southern Division, Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Santa Ana, California 92701, Prescriber's Choice, Inc. and Sincerus Florida, LLC, will and hereby does move this Court, pursuant to Federal Rules of Evidence 702, 401 and 403 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the reports and testimony of Mark S. Robbins and John Taylor, Plaintiff Allergan USA, Inc.'s experts, on the grounds that the opinions are not relevant and will not assist the trier of fact.

This motion is based on this Notice of Motion and Motion to Exclude the Reports and Testimony of Mark S. Robbin and John Taylor and the attached Memorandum of Points and Authorities in support thereof. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 15, 2019, during which counsel for Allergan USA, Inc. stated that it opposes the relief requested herein.

Dated: January 17, 2019

AKERMAN LLP

By: *s/ Lawrence D. Silverman*
**AKERMAN LLP**
Lawrence D. Silverman
Attorneys for Defendants and Counterclaimants
PRESCRIBER'S CHOICE, INC. and SINCERUS FLORIDA, LLC

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES....................................1

I. Preliminary Statement ........................................................................1

II. Summary of Robbins' Expert Testimony.................................................1

III. Summary of Taylor's Expert Testimony...................................................2

IV. Legal Standard..........................................................................................2

A. If the Testimony of an Expert Witness is Not Relevant to the Factual Claims the Jury Needs to Determine, the Expert Testimony is Inadmissible. ...........................................................2

B. Federal Rule of Evidence 403 Excludes Evidence if its Probative Value is Outweighed by its Prejudicial Effect ................3

V. Argument....................................................................................................3

A. Robbins and Taylor's Testimony Is Not Relevant to the Issues Before the Jury and Are Not Helpful To the Jury in Resolving an Issue...........................................................................................3

1. *Testimony About the Health Risks and Potential Harm Associated With Compounded Drugs*...................................4

2. *Testimony About the Process and Requirements for the Approval of Drug Manufacturers, the Standards Applicable to Drug Manufacturers and the New Drug Approval Process*..............................................................5

3. *History of Compounding Regulations and the Requirements Under Sections 503A and 503B*......................6

B. Testimony about Compounding Regulations and their Interpretation is Improper Expert Testimony .................................7

C. The Testimony of Robbins and Taylor Should Be Excluded Because Any Alleged Relevance Is Substantially Outweighed By A Danger of Unfair Prejudice and of Misleading the Jury. .......8

D. The Expert Testimony Should Be Limited Because the Testimony is Cumulative ..............................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 709 F.3d 872 (9th Cir. 2013) .......... 3

*Cooper v. Brown*, 510 F.3d 870 (9th Cir. 2007) .......... 3

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct 2786, 125 L.Ed. 2d 469 (1993) .......... 2, 3

*Elsayed Mukhtar v. Ca. State University, Hayward*, 299 F.3d 1053 (9th Cir. 2002) .......... 3

*Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) .......... 3

*In re Apollo Group Inc. Sec. Litig.*, 527 F. Supp. 2d 957 (D. Ariz. 2007) .......... 4

*Lloyd v. Conseco Fin. Corp.*, No. 10452MMM(RNBX), 2001 WL 36097624 (C.D. Cal. Oct. 19, 2001) .......... 8

*Marquez v. City of Albuquerque*, 399 F.3d 1216 (10th Cir. 2005) .......... 7

*SEC v. Capital Consultants LLC*, 397 F.3d 733 (9th Cir. 2005) .......... 7

*U.S. v. Downing*, 753 F.2d 1224 (3d Cir. 1985) .......... 2

*U.S. v. Ortland*, 109 F.3d 539 (9th Cir. 1997) .......... 4

*Wishtoyo Foundation v. United Water Conservation District*, No. CV 16-3869-DOC, 2017 WL 8292770 (C.D. Cal. Sept. 8, 2017) .......... 3

**Statutes**

21 U.S.C. § 353b .......... 1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Rules**

Fed. R. Evid. 401 .......... 3

Federal Rule of Evidence 403.......... 3, 8, 9, 10

Federal Rule of Evidence 702.......... 1, 2, 3, 9

Federal Rule of Evidence 702 and 403.......... 1

Rules 702 and 402.......... 9

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Preliminary Statement**

Plaintiff, Allergan USA, Inc. has proffered Mark Robbins and John Taylor as experts in this lawsuit in support of its claims for unfair competition and false advertising. On January 11, 2018, the Court entered an order on the parties' cross-motions for summary judgment, which should substantially narrow the remaining claims left to be tried. (D.E. 150). Specifically, the court has already ruled on issues regarding the application of Section 503B of the Federal Drug, Cosmetic & Food Act ("FDCA"), codified at 21 U.S.C. § 353b, to this dispute.

The reports and anticipated testimony of both Robbins and Taylor should be excluded under Federal Rule of Evidence 702 on the grounds that their proffered opinions are irrelevant and not helpful to the trier of fact in determining the remaining issues. Their opinions do not pertain to any fact or issue to be decided by the jury, and their testimony is not helpful to the jury. They propose to present opinions on the history of compounding regulations and the health risks of compounding, the requirements of the compounding laws, and the drug approval process and requirements for drug manufacturers (as opposed to outsourcing facilities like Sincerus). None of that is relevant to the claims at issue in this case. In sum, their testimony should be excluded under both Federal Rule of Evidence 702 and 403 as irrelevant, and as more prejudicial than probative.

Lastly, even if this Court were to find that the testimony of Robbins and Taylor as to health risks and the history of drug compounding and compounding regulations is relevant to the issues remaining in this case, the Court should limit the testimony to one witness, as their proffered testimony is cumulative and a waste of time and judicial resources.

**II. Summary of Robbins' Expert Testimony**

Robbins' anticipated testimony will be regarding the following topics: (a) the process and requirements for the approval of drug manufacturers; (b) the standards

applicable to drug manufacturers; (c) the process for obtaining approval for a new drug; and (d) how compounding pharmacies operate relative to drug manufacturers. *See* Declaration of Alexandra M. Mora ("Mora Decl."), Ex. A (Deposition Transcript of Mark S. Robbins ("Robbins Tr.") at 13-14 (Robbins Tr. at 9:2-10:3)).

## III. Summary of Taylor's Expert Testimony

Taylor's anticipated testimony will be on the following topics: (a) the historical context for original compounding legislation and the Compounding Quality Act; (b) the context regarding the general regulatory rubric for drug compounding; (c) his opinion on the scope and function of both Section 503A and 503B; (d) bulk drug substance requirements; (e) limits on compounding copies of compounded products; and (f) that because the compounded products are unapproved drugs, they "seem to be potentially harmful." *See* Mora Decl., at Ex. B (Deposition Transcript of John Taylor ("Taylor Tr.") at 89-90 (Taylor Tr. at 17:13-18:18)).

## IV. Legal Standard

### A. If the Testimony of an Expert Witness is Not Relevant to the Factual Claims the Jury Needs to Determine, the Expert Testimony is Inadmissible.

Federal Rule of Evidence 702 requires that the evidence of testimony of an expert witness assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590, 113 S.Ct 2786, 125 L.Ed. 2d 469 (1993). "'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'" *Id.* at 591 (quoting 3 Weinstein & Berger, ¶ 702[02] at 702-18). "Evidence which is not relevant is not admissible." Fed. R. Evid. 702. Another consideration under Rule 702 is whether expert testimony is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute in the case. *See U.S. v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985).

"'Relevant evidence' is defined as that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

probable or less probable that it would be without the evidence.'" *Daubert*, 509 U.S. at 587 (quoting Fed. R. Evid. 401). "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Elsayed Mukhtar v. Ca. State University, Hayward*, 299 F.3d 1053, 1063 n. 7 (9th Cir. 2002) (citation omitted), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014).

**B. Federal Rule of Evidence 403 Excludes Evidence if its Probative Value is Outweighed by its Prejudicial Effect**

"Under Federal Rule of Evidence 403, the Court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Wishtoyo Foundation v. United Water Conservation District*, No. CV 16-3869-DOC (PLAx), 2017 WL 8292770, at * 1 (C.D. Cal. Sept. 8, 2017). Applying Rule 403 to determine if evidence is prejudicial requires a fact intensive, context specific inquiry. *See id.* (citations omitted).

**V. <u>Argument</u>**

**A. Robbins and Taylor's Testimony Are Not Relevant to the Issues Before the Jury and Are Not Helpful To the Jury in Resolving an Issue.**

Evidence that is not "of consequence in determining the action" is irrelevant and therefore inadmissible. Fed. R. Evid. 401; *see also Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful"); *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 709 F.3d 872, 882 (9th Cir. 2013) (expert opinion must have "substance such that it would be helpful to the jury."). Robbins' and Taylor's proffered testimony and corresponding reports should be excluded because it has no relevance to the issues to be tried in this action. *See Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (expert testimony "must logically advance

a material aspect of the party's case); *U.S. v. Ortland*, 109 F.3d 539, 544-45 (9th Cir. 1997) (affirming exclusion of expert on grounds that expert's proposed "testimony would not assist the jury because the relevant question was not what an expert thought the agreement said, but what [defendant] thought and said the agreement allowed him to do"); *In re Apollo Group Inc. Sec. Litig.*, 527 F. Supp. 2d 957, 963 (D. Ariz. 2007) (granting motion in limine to exclude expert testimony because "testimony ha[d] little, if any, relevance to the issues in this case . . . none of the elements of Lead Plaintiff's securities-fraud claim depended on the expert's testimony).

The proffered testimony of both Robbins and Taylor is not sufficiently tied to the facts of the case such that it will aid the jury in resolving a factual dispute.

**1. *Testimony About the Health Risks and Potential Harm Associated With Compounded Drugs***

The anticipated testimony of Robbins and Taylor on the health risks relating to compounded drugs is irrelevant because there are no issues before the jury as to whether Sincerus' compounded drugs at issue in this lawsuit are unsafe or have caused harm to its customers. Even if there were allegations about the safety of Prescriber's Choice and Sincerus' compounded drugs, the relevancy of the expected testimony of Robbins and Taylor about the safety and risks of compounded drugs *in general* would still be too tenuous to the facts to be determined in this case to be admissible.

Robbins' opinions and testimony-- on compounding pharmacies presenting "a potential health risk to consumers of their products" and that public health concerns with compounded drugs "are a real issue" -- have no connection to the issues left for the jury to determine. *See* Mora Decl., Ex. C (Expert Report of Mark S. Robbins ("Robbins Report")) at 135-40 (Robbins Report at 17-22). Robbins testified in his deposition that he had not seen any adverse events prepared by Sincerus relating to the use of Dapsone or any other Sincerus drug, he did not know which drugs are the subject of the unfair competition claims in this lawsuit, and he did not know whether there have been test

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

results finding Sincerus' products to be inadequate, incorrect or chemically flawed. *See id.*, Ex. A at 61, 51-52 (Robbins Tr. 57: 14-17; 57:1-6; 47:3-48:4).

In his deposition, Taylor testified that he was not aware of any adverse reactions regarding dapsone, tazarotene or oxymetazoline (the drugs in the compounded products that are the subject of Plaintiff's competition claims in this lawsuit) or adverse reactions to products compounded with those drugs. *See* Mora Decl., Ex. B at 90-91 (Taylor Tr. 18:19-19:4).

There is no reason for the jury to hear Robbins' and Taylor's testimony and opinions on the drug approval process, preclinical testing, and the "risks" associated with compounding pharmacies in general. Those issues are irrelevant to any claim in the case left for the jury to determine.

**2. *Testimony About the Process and Requirements for the Approval of Drug Manufacturers, the Standards Applicable to Drug Manufacturers and the New Drug Approval Process***

The proposed testimony of Robbins is a primer on the drug approval process, the active and inactive ingredients in drugs and the standards applicable to drug manufacturers. None of those are relevant to the remaining issues to be tried. *See* Mora Decl., Ex. C at 121-34 (Robbins Report at 3-16). It is undisputed that Sincerus is not, and has never purported to be, a drug manufacturer like Allergan. The claims asserted in this case against Sincerus and Prescriber's Choice are rooted in Sincerus' status as an FDA registered Section 503B outsourcing facility and its statements relating to compliance of Section 503B. Thus, Section 503B is the only compounding regulation with any relevance to the issues in this case (prior to the Court's summary judgment rulings), and Robbins himself has admitted that he "is not an expert on the 503B law" and the requirements for the new drug development process under Section 503B. *See* Mora Decl., Ex. A at 42-43 (Robbins Tr. at 38:22-39:15).

Additionally, Robbins' report contains his observation that the Form 483 issued by FDA to Sincerus is a "serious example" of non-compliance with current Good

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Manufacturing Practices ("cGMP"), a federal regulatory requirement provided in 21 CFR Parts 210 and 211. *See* Mora Decl., Ex. C at 134-35 (Robbins Report at ¶¶ 49-50). Robbins then goes on to list verbatim the observations listed in that Form 483 without any further analysis or evidence to support his statement. *Id.* He is merely reading a document, without any analysis. At his deposition, Robbins testified that Sincerus' responses to the Form 483 were "deficient relative to what drug manufacturers are required to do." *Id.*, Ex. A at 47 (Robbins Tr. 43:8-12). That observation has no relationship to what the jury will need to decide.

Robbins' testimony -- about the requirements applicable to drug manufacturers, the new drug approval process and how compounding pharmacies operate -- has no bearing on the issues left to be determined in this matter, and should be excluded.

3. ***History of Compounding Regulations and the Requirements Under Sections 503A and 503B***

Taylor expects to testify regarding the background and history of compounding regulations, "the limited set of circumstances in which the law allows for compounding," and the requirements for compounded drugs under Section 503A and Section 503B, including the bulk drugs that are permissible for compounding under the FDCA. *See* Mora Decl., Ex. D at 156 (Expert Report of John Taylor ("Taylor Report") at 1). As has been discussed above, the Court has already ruled on the issue of Prescriber's Choice and Sincerus' business model and their compounded drugs with Section 503B. There have never been any claims relating to Section 503A in this case, a point conceded by Taylor in his deposition. *See id.*, Ex. B at 101 (Taylor Tr. 29:10-15).

Robbins is also expected to testify on how compounding pharmacies operate relative to drug manufacturers. *See id.*, Ex. A at 13-14 (Robbins Tr. at 9:20-10:3). However, the opinions in his expert report relating to compounding pharmacies are tied into their potential "public health risks" and the "public health concerns with compounded drugs." *See id.*, Ex. C at 135-41 (Robbins Report at 17-19). As has been

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

discussed above, testimony as to the health risks associated with other nonparty compounding pharmacies has no relevance to the issues to be determined by the jury in this case.

Expert testimony on these issues is completely irrelevant to the remaining issues in the case and not helpful to the trier of fact in determining these issues.

**B. Testimony about Compounding Regulations and their Interpretation is Improper Expert Testimony**

There is no basis under the Federal Rules of Evidence for allowing an "expert" to recite to the jury the contents of an agency's regulations or the federal statutes, as FDA regulations and federal statutes speak for themselves. Moreover, testimony as to the legal meaning and effect of the FDCA and Sections 503A and 503B and the requirements under each is not a proper subject of expert testimony and must also be excluded. *See SEC v. Capital Consultants LLC*, 397 F.3d 733, 749 (9th Cir. 2005) ("Experts may interpret and analyze factual evidence but may not testify about the law.") (citing *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)).

Taylor's anticipated testimony about (1) the historical context and background of compounding legislation, (2) the reasons behind the enactment of the original Section 503A in 1997 and the revisions to the law in 2013, and (3) the scope and function of Section 503A and 503B and the requirements therein, are irrelevant to the remaining issues in this case. *See* Mora Decl., Ex. 4. Taylor's report even includes an entire section titled "Meaning and Effect of FDA Enforcement Discretion Polices." *See id.*, Ex. 4 at 172 (Taylor Report at 16).

Robbins' testimony about (1) the standards for drug compounding, (2) the standards for the approval of new drugs, (3) for bulk drug substances, and (4) current Good Manufacturing Practices are also too general or remote to the issues actually before the Court. *Id.* at Ex. 2; *see, e.g. Marquez v. City of Albuquerque*, 399 F.3d 1216, 1221 (10th Cir. 2005) (finding that testimony regarding law enforcement standards was irrelevant and confusing on the grounds that the violation of the standards is not *ipso*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*facto* a Fourth Amendment violation). Moreover, Robbins himself admitted that he is not an expert on "503B law" and did not analyze the requirements Section 503B when reviewing and forming an opinion as to Sincerus' response to an FDA 483 warning letter. *See* Mora Decl., Ex. A at 38 ("I don't think my report went into what under 503B they can do[.]") (Robbins Tr. at 34:5-13).

**C. The Testimony of Robbins and Taylor Should Be Excluded Because Any Alleged Relevance Is Substantially Outweighed By A Danger of Unfair Prejudice and of Misleading the Jury.**

Even if the Court finds that Robbins and Taylor's opinions are relevant (even though they are not), they should be excluded at trial because of the significant danger that the jury will be confused or mislead regarding the alleged potential safety risks of the industry in general. *See* Fed. R. Evid. 403; *Lloyd v. Conseco Fin. Corp.*, No. 10452MMM(RNBX), 2001 WL 36097624, at *6 (C.D. Cal. Oct. 19, 2001) ("Given the fact that his opinion does not 'speak[ ]clearly and directly to [the] issue in dispute,' and given the resulting potential for juror confusion, the opinion is inadmissible under the relevance prong of *Daubert*").

As set forth above, both Robbins and Taylor's proffered testimony involves the alleged safety "risks" and potential health concerns associated with compounding drugs, yet both conceded in their depositions that neither were aware of any safety issues related to Sincerus' compounded drugs or related to their compounded drugs at issue in this lawsuit. By way of example, Taylor's report contains references to several incidents involving compounded products that resulted in serious injury or death to patients -- as examples of the risks posed by compounded products. *See* Mora Decl., Ex. D at 169-71 (Taylor Report at 13-15). However, when questioned at deposition about these observations, Taylor admitted that he was not aware of any adverse reactions or serious adverse events ("SER") regarding the compounding of dapsone, tazarotene or oxymetazoline, the only relevant drugs in this lawsuit. *See id.*, Ex. B at 91, 92 (Taylor Tr. at 19:1-4; 20:3-5).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Similarly, Robbins' report also contains references to studies and examples of the adverse effects of compounded drugs. *See id.*, Ex. C at 137-40 (Robbins Report at ¶¶57-62). In connection with these referenced studies and reports of adverse events, Robbins admitted that <u>none</u> of the studies referenced in his report involved dapsone, tazarotene or oxymetazoline and that he did not recall ever even seeing an adverse event relating to dapsone prepared by Sincerus. *See id.*, Ex. A at 57-59, 61 (Robbins Tr. at 53:17-55:22; 57:14-17). The admission of expert testimony about incidents where patients were seriously harmed from the use of *other* compounded drugs, without any evidence of adverse events or incidents involving *these* compounded drugs, would be prejudicial to a jury even if safety were a relevant issue to be decided.

Likewise, Robbins' opinion that "[n]on-compliance with cGMP regulations can produce adulterated drug products and adversely impact the safety, effectiveness and quality of drug products" and his opinion that the Form 483 issued to Sincerus from FDA is a "serious example of cGMP non-compliance during an FDA inspection" is also prejudicial to a jury. *See* Mora Decl., Ex. C at 134-35(Robbins Report at ¶¶ 49, 50). Robbins' opinion necessarily infers that Sincerus drug products should be deemed "adulterated" as a result of the Form 483 issued by FDA, despite his admission at deposition that testified that he was not aware of any observation from FDA that it believes Sincerus' compounded drugs should be deemed adulterated. *Id.*, Ex. A at 49-50 (Robbins Tr. 45:22-46:5; 46:9-13).

Accordingly, in addition to bearing no relevance to the issues in this lawsuit, the testimony of Robbins and Taylor should be excluded as prejudicial and inadmissible under Rule 403.

**D. The Expert Testimony Should Be Limited Because the Testimony is Cumulative**

Even if Plaintiff could overcome the substantial admissibility hurdles under Rule 702, Robbins and Taylor's testimony should be excluded because they are cumulative under Rule 403. A trial court possesses broad discretion to exclude cumulative expert

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

testimony under Rule 403. *See* Fed. R. Evid. 403 (prohibiting otherwise relevant evidence on grounds of "undue delay, waste of time, or needless presentation of cumulative evidence"). Here, Plaintiff seeks to admit the testimony of two expert witnesses on the health risks associated with compounding, as well as on the background and history relating to drug compounding regulations. To the extent the Court somehow determines that this testimony is nonetheless are admissible under Rules 702 and 402, it should limit Plaintiff to one expert witness per topic. *See* Fed. R. Evid. 403.

For all of the foregoing reasons, the Court should exclude the reports and testimony of Allergan's experts Mark S. Robbins and John Taylor, and grant Prescriber's Choice and Sincerus such other and further relief as the Court deems just and proper.

DATED: January 17, 2019 AKERMAN LLP

By: *s/ Lawrence D. Silverman*
**AKERMAN LLP**
Lawrence D. Silverman
Attorneys for Defendants and Counterclaimants
PRESCRIBER'S CHOICE, INC. and SINCERUS FLORIDA, LLC

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On **January 17, 2019**, I served the following document(s) described as:

**PRESCRIBER'S CHOICE, INC. AND SINCERUS FLORIDA, LLC'S NOTICE AND MOTION TO EXCLUDE REPORTS AND TESTIMONY OF MARK S. ROBBINS AND JOHN TAYLOR**

on the interested parties in this action by attaching an electronic copy (PDF) to an email addressed to:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Joseph N. Akrotirianakis, Esq.<br>Aaron S. Craig, Esq.<br>KING & SPALDING LLP<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071 | Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310<br>Email: jakro@kslaw.com<br>acraig@kslaw.com | *Attorneys for Plaintiff ALLERGAN USA, INC.* |
| Jeffrey S. Bucholtz, Esq.<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue NW<br>Washington, D.C. 20006 | Telephone: (202) 737-0500<br>Facsimile: (202) 626-3737<br>Email:<br>jbucholtz@kslaw.com | *Attorneys for Plaintiff ALLERGAN USA, INC.* |

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (PERSONAL/MESSENGER SERVICE) Delivery was made to the attorney or at the attorney's office by serving the documents in an envelope or package clearly addressed and identifying the attorney at the addresses listed above and/or by leaving with a receptionist or an individual in charge of the office.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **January 17, 2019**, at Los Angeles, California.

| Mark Riera | */s/ Mark Riera* |
| --- | --- |
| (Type or print name) | (Signature) |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342