JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN USA, INC., | Case No. 8:17-cv-01550-DOC-JDE |
| Plaintiff/Counterdefendant, | **CONSENT JUDGMENT** |
| v. | |
| PRESCRIBER'S CHOICE, INC. AND SINCERUS FLORIDA, LLC, | |
| Defendant/Counterclaimants. | |

This matter came before the Court on the application of Plaintiff Allergan USA, Inc. ("Plaintiff" or "Allergan") and Defendants Prescriber's Choice, Inc. and Sincerus Florida, LLC ("Defendants," collectively with Allergan, the "Parties"). The Parties have jointly moved for, and have consented to, entry of a Consent Judgment ("Judgment") on the terms set forth below.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED, ADJUDGED, and DECREED,** as follows:

On September 7, 2017, Plaintiff filed a Complaint against Defendants alleging violations of the Lanham Act, 15 U.S.C. § 1125(a)(1), California's Unfair Competition Law and False Advertising Law, Cal. Bus. & Prof. Code §§ 17001, 17200 and 17500, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202(2). In the Complaint, Plaintiff prayed for, *inter alia*, a permanent injunction and damages and other monetary relief.

Defendants admit that this Court has subject matter jurisdiction over the action and admit and consent to personal jurisdiction over Defendants and entry of this final judgment.

On January 11, 2019, the Court granted in part and denied in part Plaintiff's motion for partial summary judgment [Dkt. No. 150] under the aforementioned statutes.

Plaintiff has succeeded on the merits of Defendants' liability as to certain historical statements with respect to its claims under these statutes and established Defendants' violations of the Lanham Act, California's False Advertising Law, Florida's Deceptive and Unfair Trade Practices Act and the unlawful business practices of violations of California's Sherman Law through July 2018, as set forth in the Court's Order granting Plaintiff's motion for partial summary judgment [Dkt. No. 150]. Plaintiff has further shown that it is likely to suffer irreparable harm in the future if the equitable relief hereby ordered is not granted, a balancing of

hardships favors the imposition of the equitable relief hereby ordered, and that such equitable relief is in the public interest.

The parties stipulate and the Court Orders as follows:

1. DEFENDANTS and their, subsidiaries, affiliates, divisions, officers, agents, servants, successors, transferees, assigns, employees and attorneys and other persons (or entities) who are in active concert or participation with them, are immediately and permanently ordered to include the statements "Not FDA Approved" and "The safety and efficacy of this compounded drug have not been verified by the FDA," in easily readable font and text, in a prominent location:

(a) on the containers/dispensers that contain Defendants' drugs and are provided to patients by the prescriber;

(b) on a package insert to be included in the packaging used to send Defendants' drugs to any health care provider; and

(c) in any marketing materials referencing Defendants' drugs.

Defendants are further directed to comply with all applicable federal and state laws and regulations respecting the marketing, promotion, or sale of drugs.

2. DEFENDANTS and their, subsidiaries, affiliates, divisions, officers, agents, servants, successors, transferees, assigns, employees and attorneys and other persons (or entities) who are in active concert or participation with them, are immediately and permanently enjoined from, directly or indirectly:

(a) representing, in any commercial speech or advertising or other marketing communications with health care providers, consumers, or other customers, potential customers, business partners, or potential business partners, that:

    i.    Defendants' drugs have been approved by FDA;

    ii.    Defendants' facility, company, or business has been approved or accredited by FDA;

    iii.    Defendants' facility is affiliated with or has the imprimatur of

2
CONSENT JUDGMENT

FDA, including that their facility is an "FDA lab," "FDA facility," or "FDA accredited facility"; or otherwise to make false or misleading representations regarding their drugs, facility, company, or business or their/its status in relation to FDA; and

    iv. Defendants' drugs or drug formulations produce an outcome that is clinically superior to that produced by a commercially available drug or drugs, except with respect to patients for whom a compounded drug is medically necessary because that patient cannot tolerate a commercially available drug.

(b) Distributing the Ropes & Gray Memorandum dated August 1, 2017 (Complaint Exh. H, Dkt. No. 1) to health care providers and office staff, consumers, or other customers, potential customers, or making representations to health care providers regarding Ropes & Gray's conclusions about the legality of Defendants' business or drugs.

(c) Representing that any attorney Defendants are unable to identify by name, firm name, or entity name, has evaluated or approved of Defendants' business or drugs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants irrevocably consent to the exclusive jurisdiction of and venue in this Court, that this Court retains jurisdiction to resolve any disputes between the parties and that should any action by either Plaintiff or Defendants be necessary to enforce any of the terms or conditions of this Consent Judgment, California law shall govern such action and the prevailing party shall be entitled to their attorneys' fees and costs within forty-five (45) days of entry of judgment in such subsequent action.

The undersigned represent that the respective parties have had the opportunity to engage independent legal counsel or have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Judgment freely and voluntarily.

For the avoidance of doubt, the equitable relief portions of this this Consent

| | |
|---|---|
| 1 | Judgment shall be applicable against the following known affiliates of Defendants, |
| 2 | which affiliates are hereby enumerated without prejudice to Plaintiff subsequently |
| 3 | seeking to enforce it against other affiliates of Defendants not presently known to |
| 4 | Plaintiff or named herein: |
| 5 |     Prescriber's Choice LLC |
| 6 |     Prescriber's Choice Ventures, Inc. |
| 7 |     Sincerus, LLC |
| 8 |     Sincerus Pharmaceuticals, Inc. |
| 9 |     Sincerus New York, LLC |
| 10 |     Sincerus Holdco, LLC |
| 11 | The parties have entered into a confidential settlement agreement that has |
| 12 | been submitted under seal. The Court hereby retains jurisdiction to enforce the terms |
| 13 | of the parties' settlement agreement. The Clerk of the Court shall enter this |
| 14 | Judgment promptly on the docket of the Court pursuant to Rule 58 of the Federal |
| 15 | Rules of Civil Procedure, and this action is hereby dismissed. |
| 16 | |
| 17 | **IT IS SO ORDERED AND ADJUDGED.** |
| 18 | |
| 19 | DATED: January 31, 2019     /s/ David O. Carter |
| 20 |                                       THE HONORABLE DAVID O. CARTER<br>                                      UNITED STATES DISTRICT JUDGE |
| 21 | |
| 22 | |
| 23 | [Parties' consent reflected by signatures on following page] |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

IN WITNESS WHEREOF, the parties hereto have, on January 30, 2019, consented to the entry of this Judgment.

**PRESCRIBER'S CHOICE, INC.**
By: _[signature]_
Printed Name: SPENCER J MALKIN
Title: CEO
Date: 01/30/19

**SINCERUS FLORIDA, LLC**
By: _[signature]_
Printed Name: SPENCER J MALKIN
Title: CEO
Date: 01/30/19

**ALLERGAN USA, INC.**
By: _[signature]_
Printed Name: Donald Burnin
Title: Associate Vice President
Date: 1/30/19